UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA NUNEZ CARRILLO,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. SACV 12-1537 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

## I.  SUMMARY

On September 14, 2012, plaintiff Rosa Nunez Carrillo ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; September 19, 2012 Case Management Order ¶ 5.

---

[1]Carolyn W. Colvin is substituted as Acting Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d).

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On June 30, 2009, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 20, 204, 206). Plaintiff asserted that she became disabled on May 29, 2009,[2] due to hand, neck, back, knee, shoulder, arm and upper back pain, headaches, and depression. (AR 144-45, 231). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) on January 19, 2011, and heard testimony from plaintiff, a lay witness, and a vocational expert on May 18, 2011. (AR 94-176).

On June 9, 2011, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 20-30). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: status post compound fracture of right knee, tibia and fibula secondary to work injury in March 1995, status post right wrist surgery release of ulnar nerve in February 2003, right wrist tendinitis with tenosynovitis, chondromalacia of the patella, mild osteoarthritis of bilateral knees, mild rotator levoscoliosis of lumbar spine, and very mild degenerative narrowing of interphalangeal joints of the fingers (AR 22); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 24); (3) plaintiff retained the residual functional capacity essentially to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with

---

[2]Although plaintiff originally alleged disability beginning on May 29, 2008 (AR 231), the ALJ subsequently granted plaintiff's motion to change her alleged onset date to May 29, 2009 (AR 144-45).

multiple additional limitations[3] (AR 24-25); (4) plaintiff could perform her past relevant work as a "care provider" (AR 30); and (5) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 25).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III.  APPLICABLE LEGAL STANDARDS

### A.  Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

---

[3]The ALJ determined that plaintiff:  (i) could lift/carry 20 pounds occasionally and 10 pounds frequently; (ii) sit, stand and walk each for up to six hours in an eight-hour workday; (iii) needed to be able to sit/stand at a minimum of one hour and then could change position; (iv) could occasionally climb, balance, stoop, kneel, crouch and crawl; (v) needed to avoid climbing ladders, ropes and scaffolds; (vi) needed to avoid working above shoulder height; (vii) needed to avoid constant, but could do frequent pushing/pulling, reaching, fingering and feeling with her hand; (viii) had pain in her entire body, head, neck, back, shoulder, hands, wrists, legs and knees, and occasional numbness and tingling in her arms and legs; (ix) had moderate pain that either (a) had a moderate effect on plaintiff's ability to do basic work activities, or (b) was controlled or could be controlled by appropriate medications without significant adverse side effects; and (x) had depression, anxiety and a learning problem which were slight impairments and had a slight effect on plaintiff's ability to maintain attention, concentration and memory.  (AR 24-25).

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal

error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

**IV.   DISCUSSION**

Plaintiff essentially contends that the ALJ's determination at step four – that plaintiff's past relevant work included the job of "care provider" – was not supported by substantial evidence. (Plaintiff's Motion at 7-9). The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

**A.   Pertinent Law**

At step four of the sequential evaluation process, the Administration may deny benefits when the claimant is able to perform her past relevant work as "actually performed" or as "generally" performed. Pinto v. Massanari, 249 F.3d 840, 845 (2001). Social Security regulations define past relevant work as "work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn it." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).

///

"Substantial gainful activity is work done for pay or profit that involves significant mental or physical activities." Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1571-404.1572 & 416.971-416.975). The primary factor used to determine whether a claimant was engaged in substantial gainful activity ("SGA") at a particular job is the amount of earnings a claimant derived from the job. Le v. Astrue, 540 F. Supp. 2d 1144, 1149 (C.D. Cal. 2008) (citing 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1)). "There is a rebuttable presumption that the employee either was or was not engaged in SGA if his or her average monthly earnings are above or below a certain amount established by the Commissioner's Earnings Guidelines." Id. (citing 20 C.F.R. §§ 404.1574(b)(2)-(3), 416.974(b)(2)-(3)); Lewis, 236 F.3d at 515 ("Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity."). For example, for 2008 an employee would be presumed to have engaged in work at an SGA level in a particular month if her average monthly earnings exceeded $940. See 20 C.F.R. §§ 404.1574(b)(2)(ii), 416.974(b)(2)(ii); Tables of SGA Earnings Guidelines and Effective Dates Based on Year of Work Activity, Social Security Administration Program Operation Manual System ("POMS") § DI 10501.015(B).[4]

A claimant may rebut the presumption that she was engaged in SGA at a prior job by presenting evidence that she was employed under "special conditions" which "[took] into account [her] impairment"– *i.e.*, the claimant "required and received special assistance from other employees," the claimant was "allowed to work irregular hours or take frequent rest periods," and/or the claimant was permitted to work despite her impairments due to a family relationship. 20 C.F.R. §§ 404.1573(c); 416.973(c).

---

[4]The POMS manual is considered persuasive authority, even though it does not carry the "force and effect of law." Hermes v. Secretary of Health and Human Services, 926 F.2d 789, 791 n.1 (9th Cir.), cert. denied, 502 U.S. 817 (1991).

1     Although at step four the claimant has the burden of proving an inability to
2 perform her past relevant work, "the ALJ still has a duty to make the requisite
3 factual findings to support his conclusion." Pinto, 249 F.3d at 844.

    **B.**     **Analysis**

    Here, the Court cannot conclude on the current record that the ALJ's findings at step four of the sequential evaluation process are supported by substantial evidence.

    As defendant correctly notes, plaintiff's certified earnings records raise a presumption that in 2008 plaintiff engaged in work at an SGA level. Plaintiff testified at the hearing that she worked as a care provider for her mother for about three years ending on or about May 29, 2009. (AR 100-01, 143-44). The record reflects that plaintiff's average monthly earnings for 2008 (*i.e.*, while she was employed as a care provider) were $1,085.58 ($13,027.01 annually). (AR 217, 225). Plaintiff does not dispute that such average monthly earnings were above the SGA level established by the Commissioner for 2008 (*i.e.*, $940 per month). See 20 C.F.R. §§ 404.1574(b)(2)(ii), 416.974(b)(2)(ii); POMS § DI 10501.015(B).

    The record contains substantial evidence, however, which suggests that despite such reported earnings, plaintiff's job as care provider did not involve SGA because plaintiff worked under special conditions which accommodated her impairments. For example, plaintiff (who lived with and worked for her mother) testified that while working as a care provider she (i) was not required to lift more than two pounds, did not make the bed or do other tasks that required moving furniture, and was not required to help her mother move in/out of beds or chairs, in/out of the bath tub, or on/off of the toilet (AR 100-01, 116); (ii) was permitted to rest or lay down "any time" she needed and would do so "all the time" during the work day for up to "a couple hours at a time" (AR 117, 119, 172); (iii) had no set schedule, and could arrange each work day based on how she felt (AR 117, 173); and (iv) could ask her sister to help care for her mother if plaintiff was not

feeling well on a particular day, (AR 117-18). In addition, the vocational expert testified that the manner in which plaintiff carried out her job as care provider was not how a similar position would be performed in a "normal, competitive situation" (*e.g.*, plaintiff's ability to "lay down when she wanted to" was "not something . . . [that] would be allowed in a normal employment situation"). (AR 139-40).

Nonetheless, although plaintiff argued at both hearings that plaintiff's job as care provider was not SGA (AR 98, 121-22, 142, 176), the ALJ's decision does not address whether the foregoing evidence of "special conditions" rebutted the presumption that it was. In his decision, the ALJ simply adopted the vocational expert's opinion that plaintiff's past work included the job of "care provider." (AR 30, 135). Neither the ALJ nor the vocational expert explained the basis for that finding. (AR 30, 135). At step four, however, the ALJ was required to set forth a detailed explanation of the basis for each of his findings. See Pinto, 249 F.3d at 847 ("[R]equiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review.") (citation and quotation marks omitted). Thus, the ALJ erred by failing to articulate the specific findings underlying his determination that plaintiff's past relevant work included the job of care provider. See id. ("When . . . the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the [vocational expert's] head, we are left with nothing to review.") (citation and quotation marks omitted). The Court cannot find the ALJ's error harmless as defendant points to no other persuasive evidence in the record which could support the ALJ's determination at step four that plaintiff was not disabled. See, e.g., id. at 846 (remand warranted where ALJ found claimant not disabled at step four based "largely" on inadequate vocational expert testimony and ALJ otherwise "made very few findings").

///

Accordingly, a remand is warranted to permit the ALJ to evaluate at step four whether plaintiff's evidence rebuts the presumption that plaintiff's job as care provider was SGA and to set forth the specific reasoning underlying his conclusions.  See, e.g., Nazzaro v. Callahan, 978 F. Supp. 452, 461-62 (W.D.N.Y. 1997) (Although Social Security claimant's earnings from prior job exceeded SGA level, remand was required due to ALJ's failure to address whether evidence of additional employment assistance claimant received from a job coach rebutted the presumption that claimant was engaged in SGA.).

V.   **CONCLUSION**[5]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  February 25, 2013

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[6] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).